**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 09 2014, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| DEMETRIUS SANDERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1405-CR-301 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Daniel L. Pflum, Senior Judge
Cause No. 49G20-1212-FC-83771

**December 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On March 5, 2014, following a bench trial, Appellant-Defendant Demetrius Sanders was found guilty of Class D felony possession of marijuana. The trial court sentenced Sanders to an aggregate three-year term with two years to be executed and one suspended to probation. The trial court further divided the executed portion to 240 days in the Department of Correction (DOC) and 490 days in Marion County Community Corrections. The trial court also ordered Sanders placed on probation for three years from the date of sentencing to run concurrently with the executed portion of the sentence. The trial court awarded Sanders twenty days of credit for time spent incarcerated prior to sentencing and twenty days of Class One credit time.

On appeal, Sanders argues (1) that his sentence is inappropriate in light of his character and the nature of the offense, and (2) that the sentence is not sufficiently clear and would require him to serve a sentence greater than the statutory three-year maximum for the convicted offense. We find that (1) the trial court's sentence was not inappropriate and (2) the sentencing order is unclear. Accordingly, we affirm in part, reverse in part, and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

On December 11, 2012, Sanders was driving a van carrying three passengers. Indianapolis Metropolitan Police Officer Justin Henry initiated a traffic stop of Sanders's vehicle after Sanders failed to stop at a stop sign and because the license plate on Sanders's vehicle was significantly obscured. Officer Henry detected the odor of marijuana emanating

2

from the vehicle and called additional officers for backup. After detaining Sanders and the three passengers, Sanders told Officer Henry that there was "weed and a gun in the center console of the vehicle." Tr. p. 11. A search of the vehicle yielded a loaded black handgun and a total of 60.55 grams of marijuana split into thirty-five plastic bags.

On December 14, 2012, Appellee-Plaintiff the State of Indiana (the "State") charged Sanders with, Count I, Class D felony possession of marijuana in an amount greater than thirty grams, and, Count II, Class A misdemeanor carrying a handgun without a license. Because Sanders had a prior handgun conviction, Count II was enhanced to a Class C felony. The trial court found Sanders guilty of possession of marijuana and acquitted him of the handgun charge. At the April 2, 2014 sentencing hearing, the trial court sentenced Sanders to the maximum three-year sentence with two years to be executed and one year suspended. The trial court further divided Sanders's executed sentence, ordering him to serve 240 days in the DOC and 490 in Marion County Community Corrections. The trial court also ordered Sanders to serve three years on probation beginning from the date of sentencing to be served concurrently with the executed portion of the sentence. Sanders was granted a total of forty days of credit toward his sentence for time spent incarcerated before trial.

### DISCUSSION AND DECISION

Sanders raises two issues on appeal, (1) whether his sentence was inappropriate in light of the nature of the offense and his character, and (2) whether the probationary period of his sentence exceeds the statutory maximum sentence allowed for a Class D felony.

### I. Whether Sanders's Sentence Was Inappropriate

3

Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "The principal role of appellate review should be to attempt to leaven the outliers … but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. The burden is on the defendant to persuade this court that the sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

Although there are aspects of the instant offense that lessen and aggravate the severity of the crime, the overall nature of the offense justified an enhanced sentence. Sanders was found with roughly sixty grams of marijuana. Sanders argues that although sixty grams is double the thirty gram threshold for a Class D felony, it is only a fraction of the ten pounds of marijuana required to enhance the charge to a Class C felony. Sanders also argues that his conduct during Officer Henry's traffic stop, specifically that he voluntarily told Henry of the marijuana and firearm, shows a willingness to cooperate. However, as the trial court mentioned, the marijuana was "packaged to deal … in small little packets ready to give out." Transcript p. 77. Officers found over thirty small Ziploc bags prepackaged with marijuana in a manner consistent with dealing and distribution.

Sanders's character, as evidenced by his criminal history, also supports the imposition

4

of an enhanced sentence. In addition to a 2001 arrest and adjudication at the age of fifteen[1],

Sanders has been arrested eight times since 2007 and convicted of several offenses, including

misdemeanor possession of marijuana and cocaine, misdemeanor carrying a handgun without

a license, and felony possession of marijuana. The latter of those convictions made Sanders

ineligible for a suspended sentence in this case. Additionally, despite having never received

a driver's license, Sanders has been caught driving three times, including the night he was

arrested in this case. Sanders offers mitigating factors regarding his character. As the trial

court acknowledged at the sentencing hearing, Sanders had found steady work since being

released from the DOC on May 11, 2013. Sanders also noted that he lived with his girlfriend

and their three minor children whom he helped support.

In light of the nature of Sanders's offense and his character, we cannot say that the

sentence is inappropriate. Class D felonies are punishable by a term of between six months

and three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7.

The trial court did not issue the harshest sentence available. Rather, it crafted a sentence

which required only two of the three years to be executed and further divided the executed

portion so that only eight months was served in the DOC. Accordingly, we affirm the trial

court's sentencing determination.

## II. Whether the Sentence Exceeded the Statutory Maximum

The maximum sentence for a Class D felony is three years. Ind. Code § 35-50-2-7.

According to Indiana Code section 35-50-2-2(c), when a trial court imposes probation in lieu

---

[1] Sanders was arrested for what would have been criminal trespass had he been an adult.

of an executed sentence, the period of probation must "end not later than the date that the maximum sentence that may be imposed for the felony will expire." The trial court sentenced Sanders to three years of probation to be served from the date of sentencing, i.e. concurrently with the executed portion of the sentence. We think it apparent that the intention of the trial court was that Sanders would be on probation for one year after completing the two-year executed portion of his sentence. However, a literal reading of the abstract of judgment would require Sanders to be on probation for three years from the date of sentencing in addition to the forty days of credit awarded for his pre-sentencing incarceration. This would exceed the three-year maximum and violate Indiana Code section 35-50-2-2(c).[2]

The Order of Commitment to Community Corrections contains a more significant error. The order incorrectly states that "[f]ollowing the completion of the executed portion of the sentence, defendant will be placed on probation for 3 years with special conditions set forth in the Order of Probation…." Appellant's App. 87. This suggests that the three-year probation period would run consecutive to the executed portion of the sentence which directly conflicts with the abstract of judgment and the trial court's oral sentencing instructions. Furthermore, this would violate Indiana Code section 35-50-2-2(c), for exceeding the three-year maximum sentence.

To allay any potential confusion regarding Sanders's sentence, we remand the case to

---

[2] The State concedes the fact that the sentencing order is unclear in at least this respect and recommends remand for clarification to resolve any ambiguities. (Appellee's Br. 9)

6

the trial court for clarification.  The executed portion of the sentence should remain unchanged, 240 days in the DOC followed by 490 days in the Marion County Community Correction Program.  Upon completion of this executed portion, Sanders will be on probation for one year.

The judgment of the trial court is affirmed in part, reversed in part, and we remand with instructions.

NAJAM, J., and MATHIAS, J, concur.